IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAE ANDREWS, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:21-cv-277–HEH
)
VIRGINIA EMPLOYMENT )
COMMISSION, )
)
)
        Defendant. )

**MEMORANDUM ORDER**
(Granting Defendant's Renewed Motion to Dismiss)

THIS MATTER is before the Court on Defendant Virginia Employment Commission's ("VEC" or "Commission") Renewed Motion to Dismiss[1] Plaintiff's Complaint filed on August 6, 2021. (ECF No. 14.) In an Order entered on May 7, 2021, the Court granted Plaintiff Trae Andrews' (*pro se* "Plaintiff") Application to Proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's Complaint, filed on May 7, 2021, states that his benefits stopped and he cannot reach the VEC. (Compl. at 4, ECF No. 5.) Defendant now seeks to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Defendant properly served Plaintiff with notice of his right to file a response to Defendant's Renewed Motion to Dismiss pursuant

---

[1] Defendants filed a Motion to Dismiss on June 1, 2021. (ECF No. 6.) That motion will be denied as moot.

to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Plaintiff has failed to file any timely response. The Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claim and, therefore, Rule 12(b)(1) guides its analysis here. For the reasons that follow, the Court will grant Defendant's Renewed Motion to Dismiss Plaintiff's Complaint with prejudice.

It is well established that district courts must liberally construe a pro se litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

As in all cases, the Court must first determine if it has subject matter jurisdiction to hear a complaint filed *in forma pauperis*. *See Trazell v. Arlington Cty.*, 811 F. App'x 857, 858 (4th Cir. 2020) (considering whether jurisdiction existed to hear an *in forma pauperis* action). A court must dismiss an action whenever it finds that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Generally, subject matter jurisdiction exists where the well pleaded complaint raises a federal question under 28 U.S.C. § 1331 or the parties meet the

diversity and amount in controversy requirements under 28 U.S.C. § 1332. However, the nature of a claim, particularly claims that require exhaustion of state administrative and judicial remedies, may also limit a federal court's ability to exercise subject matter jurisdiction. *See Staudner v. Robinson Aviation, Inc.*, 910 F.3d 141, 146–47 (4th Cir. 2018) (acknowledging exhaustion requirement may be viewed as a jurisdictional bar).

Plaintiff has not specified any relief he is seeking (Compl. at 4), but Plaintiff alleges he was "receiving unemployment then it just stop[ped]." (*Id.*) Defendant responds that Plaintiff has pled insufficient facts to establish federal subject matter jurisdiction and he has failed to exhaust his administrative and state court remedies. (Defs.' Mem. Supp. at 4, ECF No. 15.) Assuming Plaintiff's claims have been fully adjudicated by the VEC, his claims here are moot. *See DeFunis v. Odegaard,* 416 U.S. 312, 316 (2006) (explaining that Article III of the United States Constitution prohibits federal courts from hearing cases that are "moot," or that no longer present a "case" or "controversy"). However, because the Court determines that it lacks subject matter jurisdiction for other reasons stated below, the Court need not address whether the VEC has in fact paid Plaintiff's benefits.

Consistent with the well established principles of federal jurisdiction outlined above, this Court clearly lacks subject matter jurisdiction over Plaintiff's case. Even a liberal reading of Plaintiff's Complaint fails to identify any basis for federal subject matter jurisdiction. Rather, in looking at Plaintiff's Complaint, what he seems to be alleging is that he is owed payment of benefits under a state statutory scheme. (*See* Compl. at 4, 6.) Additionally, Plaintiff alleges no basis for diversity jurisdiction. The

parties are not diverse—both Plaintiff and the VEC are Virginia citizens—and Plaintiff fails to allege a monetary injury that exceeds the $75,000 amount in controversy requirement. (*Id.*)

Furthermore, based on Plaintiff's allegation that he is still owed payments, this Court may not exercise subject matter jurisdiction over an appeal of the VEC's benefits determination. Title 60.2 of the Code of Virginia creates a detailed, mandatory process for appealing determinations by the VEC. The claimant, if he so chooses, must appeal the VEC's initial determination within thirty days to an appeal tribunal appointed by the Commissioner that "shall affirm, set aside, reverse, modify, or alter" the initial determination. Va. Code Ann. § 60.2-620(A). Then, the Commission may, on its own authority or following the claimant's filing of an appeal within thirty days, "affirm, modify, or set aside any decision of an appeal tribunal." *Id.* § 60.2-622(A). The claimant may only seek judicial review in the state circuit court in which he was last employed *after* the Commission's final determination. *Id.* § 60.2-625(A). Then, if he so chooses, the claimant must appeal a decision by the state circuit court to the Virginia Court of Appeals. *Id.*

Conspicuously absent from Plaintiff's Complaint is any allegation that he has exhausted his state administrative and judicial remedies. Courts in this district have been unanimous in their refusal to grant subject matter jurisdiction in similar cases. *See Collins v. Hess*, No. 1:21-cv-750, 2021 WL 3163615, at *2 (E.D. Va. June 23, 2021) ("Only after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county

4

or city in which the individual who filed the claim was last employed'—not in federal court.") (quoting Va. Code Ann. § 60.2-625(A)); *Wilson v. Loancare, LLC*, No. 2:18-cv-466, 2018 WL 8804469, at *2 (E.D. Va. Sept. 21, 2018); *Feliciano v. Reger Grp.*, No. 1:14-cv-1670, 2015 WL 1539617, at *7 (E.D. Va. Apr. 7, 2015). Plaintiff was given an appealable decision regarding his benefits claim but has failed to allege that he exhausted his state administrative and judicial remedies in regard to that appeal. This Court is a federal district court with limited jurisdiction, *not* a Virginia circuit court, and has no authority to hear an appeal of the VEC's benefits determination. Plaintiff must file his claim in the appropriate body granted authority to review the VEC's determination.

Accordingly, Defendant's Renewed Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). Furthermore, the Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's *in forma pauperis* status is hereby REVOKED for the purpose of appeal. Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

This case is CLOSED.

The Clerk is directed to send a copy of this Order to all counsel of record and Plaintiff, who is *pro se*.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 13, 2021
Richmond, VA

6